UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUGENORIA CASH,

          Plaintiff,

v.

AMERICAN RED CROSS and LEA CRENSHAW,

          Defendants.
_____/

Case No. 2:21-cv-12816

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [2]**

Plaintiff Lugenoria Cash sued her employer, the American Red Cross, and its human resources business partner, Lea Crenshaw, in Wayne County Circuit Court for sexual harassment and intentional infliction of emotional distress ("IIED"). ECF 1-1, PgID 8–14. Defendants removed the case under 28 U.S.C. §§ 1441, 1446. ECF 1, PgID 1–2. Defendants then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). ECF 2. Plaintiff did not respond to the motion and thus the Court will consider the motion unopposed and will not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant the motion to dismiss.

**BACKGROUND**

Plaintiff alleged that she was sexually harassed at work by her coworkers in 2018. ECF 1-1, PgID 9–10. Plaintiff alleged the last sexually harassing conduct occurred on January 22, 2018. *Id.* at 10. Plaintiff claimed that her employer's human resources department did not investigate the alleged sexual harassment after she

1

reported the incidents. *Id.* at 11. A year later, Plaintiff retired from the Red Cross after taking medical leave due to a psychiatric condition allegedly caused by Defendants' conduct. *Id.* at 12.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). To resolve a Rule 12(b)(6) motion, the Court may rely on "exhibits attached [to the complaint] . . . and exhibits attached to [D]efendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to [the] claims." *Bassett*, 528 F.3d at 430. "Although the statute of limitations is an affirmative defense, dismissal of an action is appropriate under Rule 12(b)(6) if the 'allegations in the complaint affirmatively show that the claim is time-barred.'" *United States v. Quicken Loans*

*Inc.*, 239 F. Supp. 3d 1014, 1022 (E.D. Mich. 2017) (quoting *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016)).

## DISCUSSION

The Court will dismiss the sexual harassment claim as time-barred. The last incident of sexual harassment allegedly occurred in January 2018. ECF 1-1, PgID 10. Plaintiff filed the complaint more than three years later in October 2021. *Id.* at 15. The limitations period for a sexual harassment claim under the Elliot-Larsen Civil Rights Act is three years. Mich. Comp. Laws § 600.5805(2); *see, e.g.*, *Mair v. Consumers Power Co.*, 419 Mich. 74, 77–78 (1984). Because Plaintiff filed the complaint more than three years after she affirmatively alleged the sexual harassment conduct occurred, the claim is time-barred, and the Court will dismiss it.

The Court will also dismiss the IIED claim. The Michigan Worker's Disability Compensation Act preempts all injuries from employers unless the injury occurs from a "true intentional tort." *Graham v. Ford*, 237 Mich. App. 670, 673–74 (1999) (quotation omitted). "[T]o invoke the tort of intentional infliction of emotional distress, and thus come within the intentional-tort exception, plaintiff[] ha[s] to establish (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Id.* at 674 (citation omitted). "Such conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 678 (6th Cir. 2018) (quoting *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir.

3

2010)). That said, "[a] defendant with an intent to cause tortious or even criminal harm is not enough, nor is an intent to inflict emotional distress, nor malice or conduct that might entitle a plaintiff to punitive damages for another tort." *McGrew v. Duncan*, 333 F. Supp. 3d 730, 742 (E.D. Mich. 2018) (citing *Polk v. Yellow Freight Sys., Inc.*, 801 F.2d 190, 195 (6th Cir. 1986)).

Plaintiff claimed that Defendant Crenshaw's failure to investigate the sexual harassment was extreme and outrageous conduct. ECF 1-1, PgID 14. After learning about the allegations, Defendant Crenshaw allegedly did not investigate the harassment. *Id.* at 11. Defendant Crenshaw ultimately determined that she could not act against the harassing employees because one was not an employee and the other employee was protected by a union contract. *Id.* at 12.

Defendant Crenshaw's alleged conduct is simply not extreme and outrageous. *See Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 603 (1985) (holding that the test for IIED is "one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'"). To compare, it makes little sense why Defendant Crenshaw's alleged failure to investigate, ECF 1-1, PgID 10–11, could be considered extreme and outrageous, when the sexual harassers' conduct, *id.* at 10, would not be considered extreme and outrageous. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 777 (6th Cir. 1996) (collecting cases). The Court will therefore dismiss the IIED claim for failure to state a claim.

4

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [2] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: January 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 18, 2022, by electronic and/or ordinary mail.

s/ David P. Parker<br>Case Manager